UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. RUTLEDGE,<br>  Plaintiff,<br>  v.<br>S. HATTON, et al.,<br>  Defendants. | Case No. 18-cv-05530-HSG (PR)<br><br>**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at the California Correctional Training Facility ("CTF"), filed this *pro se* civil rights action under 42 U.S.C. § 1983 alleging that he was provided inadequate medical care for a detached tendon in his right arm. This case is now before the Court for initial review of the pleadings pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* by separate order.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing *Estelle*, 429 U.S. at 104), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. *Id.* at 835-36 & n4. An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its

2

effect on the prisoner, but rather, upon the constraints facing the official." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)). Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

According to the complaint, on March 8, 2017, plaintiff injured his right leg and right arm at CTF. Although plaintiff alerted medical staff that he had pain in both his right leg and right arm, defendant CTF physician Dr. P. Lam referred plaintiff for an evaluation of his right leg only. Plaintiff was referred to outside physician Dr. M. Kowall who, on March 22, 2017, diagnosed plaintiff with a splinter fracture in the right femur and recommended crutches for a period of three months. Dr. Kowall informed plaintiff that he could not evaluate or treat plaintiff's arm without a referral from Dr. Lam. When plaintiff discussed this with Dr. Lam, Dr. Lam told plaintiff to wait and see if his arm got better on its own and that they would discuss his arm at their next visit.

Plaintiff next saw Dr. Lam on May 9, 2017 and again informed Dr. Lam of constant pain in his right arm. Dr. Lam did not examine plaintiff's arm. On May 18, 2017, plaintiff's arm was examined by CTF nurse Chen who agreed that something was wrong and went to talk to Dr. Lam. When Nurse Chen returned, she gave plaintiff a printed set of exercises from Dr. Lam.

On May 31, 2017, plaintiff saw Dr. Kowall for a follow-up of his fractured right femur. At that appointment, plaintiff convinced Dr. Kowall to examine his right arm without a medical referral from Dr. Lam. Upon examination, Dr. Kowall informed plaintiff that a tendon in his right arm had become completely detached and that reconstructive surgery was necessary. Dr. Kowall ordered an emergency MRI, which confirmed the diagnosis and then returned plaintiff to CTF to get authorization for surgery. Dr. Kowall performed the surgery on July 31, 2017. These allegations, liberally construed, state a claim of deliberate indifference as against Dr. P. Lam.

Plaintiff also alleges that, before receiving surgery, he filed administrative appeals requesting treatment of his arm. Plaintiff seeks to bring claims against the individuals who denied these appeals at various levels of review. However, the complaint fails to clearly identify the individuals who denied plaintiff's appeals and the dates of these denials. Plaintiff will be given leave to amend to remedy these deficiencies if he can do so in good faith.

3

Plaintiff also names as defendants several CTF nurses who saw plaintiff to evaluate his pain levels after his injuries. Plaintiff states that he reported high levels of pain to these nurses but fails to state what each nurse did or failed to do that led to a violation of his constitutional rights. In his amended complaint, plaintiff may add allegations that show defendant nurses knew about plaintiff's serious medical need and deliberately prevented plaintiff from receiving medical care or failed to treat his serious medical need.

With respect to named defendants S. Hatton, J. Lewis, and D. Bright, plaintiff appears to be suing these individuals in their supervisory capacity. Under no circumstances is there respondeat superior liability under Section 1983; or, in layman's terms, under no circumstances is there liability under Section 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer*, 844 F.2d at 634. A supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994). Plaintiff has failed to provide factual allegations regarding Hatton, Lewis, and/or Bright's involvement in the deprivation of his constitutional rights that are sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. In his amended complaint, plaintiff may attempt to allege a claim against any or all of the supervisory defendants, if he can do so in good faith.

Plaintiff also mentions various Doe defendants in his complaint. Plaintiff is advised that the use of a Doe defendant is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Using a Doe defendant designation creates the following problem: that person cannot be served with process until he or she is identified by his or her real name. Should plaintiff learn the identity of his Doe defendants through discovery or otherwise, he may move to file an amended complaint to add them as defendants. *See Brass v. County of Los Angeles*, 328

4

1     F.3d 1192, 1197-98 (9th Cir. 2003).

2         Finally, the Court notes that while Mr. Rutledge is the only plaintiff named in the complaint, he purports to bring the action on behalf of "similarly situated prisoners." *See* Dkt. No. 1 at 8. Generally, *pro se* plaintiffs are prohibited from pursuing claims on behalf of others in a representative capacity. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.") (citation omitted). In particular, *pro se* prisoner plaintiffs may not act as class representatives because they cannot fairly and adequately protect the interests of the class. *See id.* Here, plaintiff is an incarcerated litigant who cannot ably protect the interests of a class of similarly situated prisoners. Accordingly, to the extent that plaintiff is seeking class certification, such certification is DENIED. Plaintiff is limited to asserting claims for violations of his own civil rights and may not litigate claims on behalf of other prisoners.

        In his amended complaint plaintiff must be careful to allege facts showing the basis for liability for each defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claims by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.       The complaint states a cognizable Eighth Amendment claim against Dr. P. Lam.

2.       All other claims and defendants are dismissed with leave to amend, as indicated above, within **thirty (30)** days from the date of this order. The pleading must include the caption

and civil case number used in this order (18-5530 HSG (PR)) and the words AMENDED COMPLAINT on the first page. The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). This means plaintiff must repeat his Eighth Amendment allegations against Dr. Lam in the amended complaint if he files an amended complaint.

3. If plaintiff does not wish to file an amended complaint, he shall so inform the Court within **thirty (30)** days from the date of this order. Failure to file an amended complaint within the designated time and in compliance with this order will result in the Court proceeding only on the Eighth Amendment claim against Dr. P. Lam.

**IT IS SO ORDERED.**

Dated: 11/16/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge