UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS L. RUTLEDGE,

           Plaintiff,

      v.

P. LAM,

           Defendant.

Case No. 18-cv-05530-HSG

**ORDER DENYING WITHOUT PREJUDICE MOTION TO COMPEL; GRANTING REQUEST TO VACATE BRIEFING SCHEDULE; REQUIRING STATUS REPORT**

Re: Dkt. Nos. 33, 34

      Plaintiff, a California state prisoner incarcerated at the California Correctional Training Facility ("CTF"), filed the instant *pro se* civil rights complaint under 42 U.S.C. § 1983. Now pending before the Court are plaintiff's motion to compel responses to his discovery requests, Dkt. No. 33, and plaintiff's request to stay the pending summary judgment motion until the discovery issues are resolved, Dkt. No. 34.

## DISCUSSION

### I.    Procedural Background

      The complaint alleges that defendant Dr. P. Lam was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment. Dkt. Nos. 1, 10, 13. On December 19, 2018, the Court ordered service on defendant Lam, Dkt. No. 13, and on August 2, 2019, defendant Lam filed a motion for summary judgment, Dkt. No. 25. On September 6, 2019, plaintiff requested an extension of time to November 8, 2019 to file his opposition to the summary judgment motion, stating that he intended to file a motion to compel further responses to his interrogatories. Dkt. No. 29. The Court granted this motion. Dkt. No. 30. On November 12, 2019, plaintiff requested an extension of time to December 14, 2019 to file his opposition to the summary judgment motion, Dkt. No. 31, which the Court granted, Dkt. No. 32.

## II.   Pending Motions

On November 22, 2019, plaintiff filed a motion to compel further responses to his discovery requests.  Dkt. No. 33.  Plaintiff's motion to compel is DENIED without prejudice to re-filing after he complies with the meet-and-confer requirement set forth in Fed. R. Civ. P. 37 and N.D. Cal. L. R. 37-1(a).  Fed. R. Civ. P. 37(a)(1) requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Local Rule 37-1(a) provides that the Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues.  N.D. Cal. L. R. 37-1(a).  Plaintiff's motion to compel lacks the necessary certification that plaintiff has in good faith conferred with defendant in an effort to obtain the requested discovery without court action.  Accordingly, plaintiff's motion to compel is DENIED without prejudice to re-filing with the requisite certification if he is unable to obtain the requested discovery after good faith meet-and-confer efforts.  Dkt. No. 33.

On November 22, 2019, plaintiff also filed a request to vacate the briefing schedule for the summary judgment motion because he is attempting to obtain discovery necessary to oppose the motion.  Dkt. No. 34.  This request is GRANTED.  However, within **twenty-eight (28) days** of the date of this order, plaintiff must file a status report reporting the status of his efforts to obtain discovery and providing the Court with a good-faith estimate as to when he may be able to file his opposition.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel responses to his discovery requests (Dkt. No. 33) is DENIED without prejudice to re-filing with the requisite certification if he is unable to obtain the requested discovery after good faith meet-and-confer efforts, and plaintiff's request to stay the pending summary judgment motion until the discovery issues are resolved (Dkt. No. 34) is GRANTED.  Within **twenty-eight (28) days** of the date of this order, plaintiff must file a status report reporting the status of his efforts to obtain discovery and providing the Court with a

good-faith estimate as to when he may be able to file his opposition.

This order terminates Dkt. Nos. 33, 34.

**IT IS SO ORDERED.**

Dated: 11/27/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge