UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. RUTLEDGE, | Case No. 18-cv-05530-HSG |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE MOTION TO COMPEL; DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION; DIRECTIONS TO PLAINTIFF** |
| v. | |
| P. LAM, | |
| Defendant. | Re: Dkt. No. 37 |

Plaintiff, a California state prisoner incarcerated at the California Correctional Training Facility ("CTF"), filed the instant *pro se* civil rights complaint under 42 U.S.C. § 1983. For the reasons set forth below, the Court denies without prejudice plaintiff's renewed motion to compel, and denies without prejudice plaintiff's request to for leave to file a motion for reconsideration of the Court's November 16, 2018 order. Dkt. No. 37.

**DISCUSSION**

On November 16, 2018, the Court screened the complaint and found that it stated a cognizable Eighth Amendment claim against Dr. Lam for deliberate indifferent to plaintiff's serious medical needs. The Court dismissed with leave to amend the remaining claims and defendants, including the nurse defendants. *See generally* Dkt. No. 10. On December 10, 2018, plaintiff informed the Court that he did not wish to file an amended complaint and wished to proceed only on the Eighth Amendment claim against Dr. Lam. Dkt. No. 12. On December 19, 2018, the Court ordered service on Dr. Lam and set a briefing schedule. Dkt. No. 13.

On August 2, 2019, defendant Lam filed a motion for summary judgment. Dkt. No. 25. The Court granted plaintiff two extensions of time to December 14, 2019, to file his opposition to the summary judgment motion so that plaintiff could obtain discovery he alleged was necessary to

oppose the summary judgment motion. Dkt. Nos. 30, 32. On November 27, 2019, the Court granted plaintiff's request to vacate the briefing schedule until the resolution of his motion to compel further discovery, but required plaintiff to file a status report reporting the status of his efforts to obtain discovery and providing the Court with a good-faith estimate as to when he may be able to file his opposition. Dkt. No. 36. Plaintiff has filed a status report and a renewed motion to compel discovery, and also sought reconsideration of the Court's dismissal of certain defendants in the screening order. Dkt. No. 37. The Court has reviewed the status report, and plaintiff's request and orders as follows.

In his status report, plaintiff claims that defendant has been deliberately evasive in his discovery responses and has failed to produce relevant and crucial discovery. Among other things, plaintiff alleges that there is a CDCR policy being implemented at CTF that caused the harmful delay in surgery. Plaintiff presumably seeks discovery related to this policy. Dkt. No. 37 at 1-5. Plaintiff alleges that defendants only partially answered interrogatories 1, 5, 6, 7, 9, 10, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25. Dkt. No. 37 at 5. Plaintiff requests that the Court compel defendant to respond to all discovery requests in full. Plaintiff also alleges that the Court erred in dismissing CDCR officials Hatton, Lewis, Truit, Posson, Sweet, Shen, Wnuk, Amador, Viruet, and Stout during the initial screening of the complaint, arguing that the complaint's allegations were sufficient to allege these individuals' personal involvement in the constitutional deprivation. Dkt. No. 37 at 2, 4. The Court construes this allegation as requesting leave to file a motion for reconsideration of the Court's November 16, 2018 order which dismissed these individuals with leave to amend.

The Court DENIES plaintiff's renewed motion to compel discovery without prejudice to re-filing in the proper format. Pursuant to the Northern District's Local Rule 37-2, plaintiff's motion to compel must be presented in the following format:

> In addition to complying with applicable provisions of Civil L.R. 7, a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.

2

N.D. Cal. L. R. 37-2. Plaintiff's renewed motion to compel discovery does not specify how the discovery responses to Requests for Production Nos. 6 and 7, and to Interrogatories 1, 5, 6, 7, 9, 10, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 are deficient. [1] The Court notes that with respect to plaintiff's allegation that defendants have denied him discovery related to a CDCR policy being implemented at CTF that caused the harmful delay in his surgery, it is unclear what policy plaintiff is referring to, and whether he has already requested discovery related to this policy or if he learned about this policy after engaging in discovery.

The Court DENIES plaintiff's request for leave to file a motion for reconsideration of the Court's November 16, 2018 order that dismissed CDCR officials Hatton, Lewis, Truit, Posson, Sweet, Shen, Wnuk, Amador, Viruet, and Stout with leave to amend. Pursuant to Local Rule 7-9, prior to entry of judgment, a party must obtain leave of court before it may seek reconsideration of an interlocutory order. In the request for leave to file a motion for reconsideration, the moving party must show reasonable diligence in bringing the motion, and one of the following: (1) a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. Plaintiff seeks reconsideration of the Court's November 16, 2018 order over a year after the order was issued and alleges conclusorily that the allegations were sufficient to state a causal connection between each defendant and the alleged constitutional violations. Plaintiff has not demonstrated either reasonable diligence in seeking reconsideration or one of the three required factors. Plaintiff's request for leave to file a motion for reconsideration of the Court's November 16, 2018 order is DENIED without prejudice to re-filing and addressing the requirements set forth in Local Rule 7-9. In the alternative, plaintiff may seek leave to file an amended complaint which alleges cognizable claims against CDCR officials Hatton, Lewis, Truit,

---

[1] Defendant has stated that he has not received any interrogatories from plaintiff. Dkt. No. 37 at 10.

Posson, Sweet, Shen, Wnuk, Amador, Viruet, and Stout. Any request to file an amended complaint must include a copy of the proposed amended complaint, as required by Local Rule 10-1.

**CONCLUSION**

For the foregoing reasons, the Court DENIES without prejudice plaintiff's renewed motion to compel, and DENIES without prejudice plaintiff's request to for leave to file a motion for reconsideration of the Court's November 16, 2018 order. Dkt. No. 37. If plaintiff believes that further discovery is necessary, he must file a motion to compel that complies with the local rules within **twenty-one (21) days** of the date of this order. If no discovery motion is filed within the time provided, the Court will set a new briefing schedule.

This order terminates Dkt. No. 37.

**IT IS SO ORDERED.**

Dated: 1/31/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

4